## Case No. 4,429a.
ELY et al. v. ELLIOTT et al.
[14 Reporter, 513;[1] 28 Int. Rev. Rec. 370.]
Circuit Court, D. California. 1882.

Cope & Boyd and W. W. Crane, for complainants.

Flournoy & Mhoon, for defendants.

FIELD, Circuit Justice, in delivering the opinion of the court said: The case presented by the bill in equity is sufficient to justify the court in directing a stay of proceedings in the action at law until the plaintiffs therein appear to the suit and until it is heard and determined. It is brought in aid of the defence to that action, and if the complainants are entitled to a correction of the deed executed to their grantor in 1856, or to a conveyance from the defendants, as purchasers with notice of their equity, it would be inequitable to preclude them from showing the fact and obtaining the relief prayed. In the state courts the complainants here could, as defendants in the action at law, set up in their answer their equitable defence and obtain a decree upon it before the trial of the issue at law. Arguello v. Edinger, 10 Cal. 159; Weber v. Marshall, 19 Cal. 447. The plaintiffs in that action are allowed by reason of their citizenship in another state to institute their action in the circuit court of the United States, but they ought not to be permitted for that reason to deprive the defendants therein, the complainants here, of any just defence to which they are entitled under the laws of the state, although, by reason of the separate systems of law and equity in the federal courts, they are obliged to seek their relief through the more cumbersome and laborious proceeding of an independent suit. The complainants will be allowed to serve a subpoena upon the attorneys of the plaintiffs in the action at law, and an order will be entered granting an injunction staying proceedings in that action until the hearing and determination of this suit, or the further order of the court, upon the complainants filing a bond in the usual form in such cases for damages if it should be ultimately determined that they are not entitled to the relief prayed, or the suit should be dismissed—the bond to be approved in form and amount by the circuit judge. Although the attorneys of the plaintiffs in the action at law are not specially authorized, as stated by them, to appear for the plaintiffs in any other case, their original authority is deemed to extend to such proceedings as immediately affect the right to recover the property in controversy. The power of a court of equity to authorize substituted service in suits instituted in aid of the defence to an action at law, where the plaintiffs in such action are non-residents and absent from the state, is well established. Says Daniell. in his treatise on Chancery Pleading and Practice, which is a work of approved merit: "The jurisdiction is most frequently exerted where actions at law are brought by persons resident abroad to enforce demands, which, although they have, strictly speaking, a legal right to make, it is against the principles of equity to permit. In such cases the court will interfere by injunction served upon the attorney employed in this country to conduct the proceedings at law to restrain the further prosecuting of such proceedings until his employer has submitted himself to the jurisdiction. In order to accomplish this purpose it is permitted to the plaintiff in equity, in the first instance, to obtain an order, directing that service of the subpoena upon the attorney employed in the cause at law shall be deemed good service. (2d Am. Ed.) 518. See, also, Burke v. Vickars, 3 Brown, Ch. 23; 4 Ves. 359; 3 Madd. 550; Hitner v. Suckley [Case No. 6,543]; Read v. Consequa [Id. 11,606].

Order for injunction on bill, and for service of subpoena on attorneys. granted.